ANTONGIORGI, PLAINTIFF, APPELLANT AND APPELLEE, *v.* ANTON-GIORGI ET AL., DEFENDANTS, APPELLEES AND APPELLANTS.

## APPEAL from the District Court of Ponce in an Action for Nullity of Compromise, Etc.

No. 2139.—Decided July 30, 1920.

COMPROMISE—FILIATION—INHERITANCE—CONSIDERATION.—A compromise approved by the court in an action of filiation, whereby the defendants paid to the minor plaintiff a certain sum of money and the latter, by her legal representative, agreed to abandon her claim, is null and void because it affects the civil status of the plaintiff, and it can not be held valid as to the inheritance claimed, for the compromise does not contain independent stipulations, but is an indivisible whole. When a contract contains several independent stipulations, those having valuable considerations will be valid, otherwise none will be valid on account of their mutual subordinate relations.

ID.—ID.—COLLATION—The plaintiff being a minor when, represented by her mother, she settled the action of filiation by a compromise which was declared null and void, the judgment sustaining her complaint for acknowledgment as natural daughter and adjudging that the sum received in the settlement be collated as a part of her inheritance, is erroneous because the defendants did not prove that the minor was enriched by that sum.

ID.—ID.—ID.—A natural child has a right to inherit from its father from the moment of his death, and a judgment decreeing the acknowledgment should be retroactive as from that date.

The facts are stated in the opinion.

*Messrs. López de Tord, Zayas Pizarro* and *A. F. Castro* for the defendant-appellants.

*Mr. E. Flores Colón* for the plaintiff-appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

José Francisco Acosta, known as Francisco Antongiorgi, and Ramona Montalvo y Martínez, representing her minor daughter María Luciana Montalvo, known as Luz María Antongiorgi, brought an action to recover inheritance in the District Court of Ponce on May 19, 1909, against María Eugenia Micaela Antongiorgi y Olivieri, as heir of Pedro Juan Antongiorgi y Paoli, alleging that they were acknowledged natural children of said Pedro Juan Antongiorgi y Paoli.

The defendant demurred to the complaint on the ground, among others, of misjoinder of causes of actions, after which Luz María Antongiorgi, represented by her mother, was left as the sole plaintiff in the action and on September 9 of the same year she filed an amended complaint in which she set up the facts determining her status as the natural daughter of Pedro Juan Antongiorgi y Paoli, deceased, and prayed for judgment to the effect that "the plaintiff, María Luciana Montalvo, familiarly known as Luz María Antongiorgi, is the acknowledged natural daughter of Pedro Juan Antongiorgi y Paoli and consequently has the right to bear his name and all other rights given by law to acknowledged natural children." The said amended complaint is entitled, "Action of filiation."

The defendant offered and the plaintiff accepted a compromise in the following terms:

"AGREEMENT.—The defendant, María Eugenia Micaela Antongiorgi y Olivieri, by her attorney, Nemesio R. Canales, offers the plaintiff the following compromise:—1. María Eugenia Micaela Antongiorgi y Olivieri will pay to the minor plaintiff on this day the sum of $2,600 in cash.—2. The said minor plaintiff, through her representative, will consider her claim as settled and will pray the court only for judgment for the said sum.—3. There shall be no special imposition of costs.—Ponce, P. R., September 14, 1909.— López de Tord & Canales, attorneys for the defendant."

On the same day on which the offer of compromise was made to the plaintiff she accepted it through her attorney, Gustavo Rodríguez, and on the same day the plaintiff filed two motions in the court—one for its approval and authorization of the terms and conditions of the compromise and the other for judgment in her action entitled an action of filiation and for the recovery of inheritance for the sum of $2,600, without special imposition of costs.

The court entered judgment on the said date, September 14, 1909, "authorizing Ramona Montalvo y Martínez, as representative of the minor María Luciana Montalvo, known as Luz María Antongiorgi, to accept the compromise offered by the defendant, and, consequently, adjudging that the defendant pay to the plaintiff the sum of $2,600, without special imposition of costs."

By an instrument of September 14, 1909, Ramona Montalvo y Martínez, in representation of her minor daughter María Luciana Montalvo, executed in favor of María Eugenia. Micaela Antongiorgi y Olivieri a full discharge for the sum of $2,600 which the said Ramona Montalvo received in the presence of the notary and the two instrumental witnesses, thus acknowledging satisfaction in all its parts and without reservation of any kind of the judgment entered by the court in the action which she said she had brought against María Eugenia Micaela Antongiorgi y Olivieri to recover the hereditary portion belonging to her minor daughter upon the death of Pedro Juan Antongiorgi y Paoli.

As a result of the facts stated the plaintiff, Luz María Antongiorgi, in September, 1917, being then of age and married, together with her husband, Víctor R. Ortiz, filed an amended complaint in the District Court of Ponce in which, after alleging the nullity of the compromise referred to because it affected the filiation or civil status of the plaintiff as the acknowledged natural daughter of Pedro Juan Antongiorgi y Paoli which had been determined by his acts,

and her character of heir as such natural daughter, she prayed for judgment to the effect that the compromise agreed upon in the action of filiation brought by Ramona Montalvo against the defendant is null and void for the reason that no compromise can be made with regard to the civil status of a person; that the said compromise is null and void because the court had no jurisdiction to approve the compromise as it did; that the plaintiff is the natural daughter of Pedro Juan Antongiorgi with the right to bear his name; that the plaintiff is entitled to one-third of the real and personal property left by Pedro Juan Antongiorgi at his death; that the defendant make an accounting of all the rents and profits of the estate of Pedro Juan Antongiorgi, and that the defendant pay the costs, expenses and attorney fees.

In her answer the defendant prayed that the complaint be dismissed in all its parts, with the costs, expenses and attorney fees against the plaintiff, and the court entered judgment on May 15, 1919, holding that the compromise made in the action of filiation brought by Ramona Montalvo against the defendant is null and void; that plaintiff Luz María Antongiorgi is the acknowledged natural daughter of Pedro Juan Antongiorgi with the right to bear his name and to receive one-third of the real and personal property left by him at the time of his death, after returning to his estate the sum of $2,600 received by her mother as a result of the compromise made in the year 1909, and that the defendant deliver to the plaintiff the said hereditary portion, after making the aforesaid collation, without special imposition of costs, disbursements or attorney fees.

On the date of the judgment the plaintiff moved the court to modify it in the sense that the sum of $5,000 already received by the defendant as rents and profits is a part of the estate, and that the defendant render an account-

ing of the rents and profits of the estate from the date of the filing of the complaint.

The court overruled that motion by an order of June 3, 1919, on the ground that the hereditary right of a natural child acknowledged by a judgment begins on the date of the judgment in the action of filiation and not before.

The plaintiff appealed to this court from the judgment in so far as it ordered the collation of the amount received by her mother, and also from the court's ruling on her motion to modify the judgment, and the defendant also appealed from the judgment.

For a more orderly consideration of the questions of law involved we shall first pass upon the appeal of the defendant and then consider that of the plaintiff.

The only ground set up by the defendant-appellant is that the court below erred in holding that the compromise made in the settled action was with regard to the filiation or civil status of the plaintiff and in holding that the compromise was null and void with regard to the rights of the plaintiff in the estate of her natural father, Pedro Juan Antongiorgi y Paoli. The defendant understands that there was no compromise regarding the filiation or civil status of the plaintiff, but only as affecting her rights in the estate of her natural father.

According to section 1711 of the Civil Code, a compromise is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted.

Ramona Montalvo, as the representative of her then minor daughter, Luz María Antongiorgi, brought an action in the year 1909 against María Eugenia Micaela Antongiorgi y Olivieri as the heir of Pedro Juan Antongiorgi, and there is no doubt that the pliantiff and the defendant wished to terminate that action by a compromise.

In order to determine what subject-matter of the action was settled by the compromise we must examine the allegations of the complaint in the said action. That complaint contains only six allegations. The first is that the plaintiff was born on August 10, 1895, as a result of carnal relations between Pedro Juan Antongiorgi and Ramona Montalvo. The second allegation refers to acts of acknowledgment by the father. The third to the fact that the minor's parents could lawfully marry. The fourth to the death of the alleged natural father. The fifth to the refusal of the legitimate daughter of the deceased father to acknowledge the plaintiff. The sixth to the fact that the plaintiff was under the *patria potestas* of her natural mother. These allegations show a cause of action for filiation, or rather for acknowledgment of filiation with the rights inherent to such filiation, which are specified in section 195 of the Civil Code, as amended by the Act of March 9, 1911, as follows:

"Section 195.—A natural child has the right—
"1. To use the surname of the parent making the recognition.
"2. To be supported.
"3. To receive the hereditary portion determined in this Code."

Therefore, the action brought can not be considered as one exclusively of filiation, but as including also the said rights, and not only the filiation but also those rights were the subject-matter of the action which both the plaintiff and the defendant intended to terminate.

The very nature of a compromise as defined in the Civil Code requires that the compromise in question should embrace not only the action for acknowledgment, but also the accessory rights which were a necessary consequence of the acknowledgment, and for that reason the compromise offered and accepted by the parties affected not only the action for acknowledgment, but also the right which the plaintiff by reason of the acknowledgment had in the estate of her natural father. There was no exclusive compromise of the

action for acknowledgment, as maintained by counsel for Luz María Antongiorgi, nor exclusive compromise of the hereditary rights of Luz María Antongiorgi, as counsel for María Eugenia Micaela Antongiorgi y Olivieri contend, but the compromise included filiation and hereditary rights, with all other rights accessory to an action of filiation. That was the intention of the parties as clearly expressed in the agreement to the effect that the minor plaintiff, by her legal representative, should consider her claim as settled and should pray the court only for judgment against the defendant for the sum of $2,600. The action would not have been settled if the compromise had affected only her hereditary rights and not her status of natural daughter.

The judgment entered by the court as a result of the compromise was in harmony with this theory, for it ordered that the defendant pay to the plaintiff the sum of $2,600 without costs, and was satisfied in all its parts by the discharge contained in the instrument of September 14, 1909. And the parties so understood, the plaintiff refraining from taking further action and the defendant from moving for dismissal on account of the abandonment of the action. The compromise was void because it affected not only the hereditary rights of the plaintiff in the estate of her father, but also her natural filiation, and no compromise can be made with regard to the civil status of a person, according to section 1715 of the Civil Code.

And it can not be held, as the defendant contends, that the compromise is void as to the filiation and valid as to the claim of inheritance, for the compromise does not contain various independent stipulations, but is an indivisible whole; and, as said by Manresa, "if a contract contains several independent stipulations, those having valuable considerations will be valid, but otherwise none will be valid on account of their mutual subordinate relations." 8 Manresa, 687, 2d edition.

Let us now consider the appeal taken by the plaintiff, whose counsel alleges the following grounds:

1. That the court erred in adjudging the collation as a part of the plaintiff's inheritance of the $2,600 paid to her mother in settlement of the action brought in the year 1909, which the District Court of Ponce annulled by its judgment in this case.

2. That the court erred in holding that a natural child has a right to inherit from its father only from the date of the judgment of acknowledgment and not from the time of the ancestor's death.

It is to be noticed that in her assignment of errors the plaintiff-appellant bases the first ground of appeal on the fact that in her answer the defendant did not pray for any relief in a counter-claim or otherwise, nor to be reimbursed for the $2,600 paid to the plaintiff; nor does the evidence show that such a prayer was made, for which reason she understands that the court acted without jurisdiction and without authority in granting the defendant something which had not been alleged, prayed for or proved; but thereafter, in replying to the defendant's brief, the plaintiff invoked section 1271 of the Civil Code, under which she contends that the collation was improperly ordered, praying that the judgment appealed from be affirmed after being modified by striking out the part relative to the collation of the $2,600 and by adding a pronouncement that the defendant shall render to the other heir, the natural daughter, an accounting of the estate of which she took possession from the date of the death of their ancestor.

We are of the opinion that as the question of the nullity of the compromise was submitted to the jurisdiction of the court, in holding that it was void the court also had jurisdiction to rule on the consequences of such nullity according to law. These consequences are set forth in section 1271 of the Civil Code, which reads as follows:

"When the nullity arises from the incapacity of one of the contracting parties, the incapacitated person is not obliged to make restitution, except to the extent he has profited by the thing or by the sum he may have received."

Luz María Antongiorgi was incapacitated to contract by reason of her minority; therefore she is under no obligation to restore the sum received, inasmuch as the defendant, who had the burden of proof, has not shown that the plaintiff was enriched by the money received from the compromise. See our decisions in *Monge et al.* v. *Zechini et al.,* 17 P. R. R. 729, and *Lorenzi* v. *Parra, ante,* page 472, and the judgments of the Supreme Court of Spain of October 22, 1894; October 21, 1897, and June 24, 1898.

Finally, the hereditary rights of Luz María Antongiorgi accrued upon the death of her natural father, Pedro Juan Antongiorgi, for, according to section 665 of the Civil Code, the rights to the succession of a person are transmitted from the moment of his death, and, according to section 669, the heirs succeed the deceased in all his rights and obligations by the mere fact of his death. In accordance with these statutes, the declaration that the plaintiff was an acknowledged natural daughter made in the judgment appealed from and not attacked on appeal, should be retroactive as from the date of the death of her natural father; therefore the appeal of the plaintiff-appellant is sustained by the two grounds on which it is based.

For the foregoing reasons the appeal taken by the defendant is dismissed and that taken by the plaintiff sustained, the judgment appealed from being affirmed except in so far as it orders the collation in the inheritance of the plaintiff when her hereditary portion is delivered to her of the sum of $2,600 received by her natural mother as a result of the compromise agreed upon in the year 1909, as to which it is reversed. The ruling of June 3, 1919, refusing to order the rendition of an account by the defendant to the plaintiff is

also reversed and it is ordered instead that the defendant shall render an accounting to the plaintiff of the rents and profits of the estate of their common ancestor, Pedro Juan Antongiorgi y Paoli, from the date of his death.

*Affirmed in part.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.